UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DANIEL DREXEL,

                      Plaintiff,

                                              <u>DECISION AND ORDER</u>

                                              09-CV-6038L

          v.

FERRONICS INCORPORATED,

                      Defendant.
_____

Plaintiff, Daniel Drexel ("Drexel"), has filed a complaint alleging four causes of action, including employment discrimination based on disability and age pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq., the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq.

Drexel initially filed a claim with the New York State Division of Human Rights ("NYSDHR") alleging discrimination based on age and disability. The NYSDHR investigated Drexel's claim and made a finding of "probable cause," determining that there was sufficient evidence to support the claim. Thereafter, the Equal Employment Opportunity Commission ("EEOC") issued a Right-to-Sue to Drexel in October 2008.

Pending before the Court is defendant's motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) on the grounds that Drexel has failed to exhaust his administrative remedies. (Dkt. #2).

Because I believe Drexel has sufficiently pursued and exhausted his administrative remedies, defendant's motion to dismiss is denied.

It is well-settled that exhaustion of administrative remedies is an essential element of discrimination claims." *See Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006). However, the exhaustion requirement should not be so strictly and rigidly imposed as to defeat otherwise valid claims. Thus, the Second Circuit has recognized, especially when such claims are filed *pro se*, as in this case, that the exhaustion requirement is met if the claims sought to be pursued in federal court "are reasonably related to those that were filed with the [administrative] agency." *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001). *See generally Triestman v. Fed. Bureau of Prisons*, 470 F.3d. 471, 475 (2d Cir. 2006) (courts are to make "reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training").

More to the point, though, it that the nature of the claims asserted in the administrative charge is not determinative of whether conduct alleged in a later lawsuit is reasonably related. Rather, the "reasonably related" inquiry turns upon whether the claims asserted in federal court fall within the "scope of the [agency] investigation which can reasonably be expected to grow out of the charge of discrimination." *Mathirampuzha v. Potter*, 548 F.3d 70, 76 (2d Cir. 2008), *quoting Terry v. Ashcroft*, 336 F.3d 128, 151 (2d Cir. 2003). In making this inquiry, "the focus should be on the factual allegations made in the [administrative] charge itself, describing the discriminatory conduct about which a plaintiff is grieving. The central question is whether the [administrative charge] gave that agency adequate notice to investigate discrimination on [each of the relevant] bases." *Deravin*

*v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003) (internal quotations omitted). Thus, for example, an EEOC investigation into a complaint of a single act of retaliation "could reasonably be expected to inquire into other instances of alleged retaliation by the same actor." *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 178 (2d Cir. 2005).

Here, defendant alleges that Drexel's administrative complaint, which alleges age and disability-based discrimination in terse, cursory fashion, is not sufficiently specific to form the basis for a "reasonable relationship" to his present claims.

Drexel opposes defendant's motion and contends that the claims in this complaint are reasonably related to the facts which were set forth in his administrative complaint, and were presented to and investigated by The State Division of Human Rights and the EEOC. In his administrative charge, Drexel alleged that defendant "lays off older factor people," replacing them with younger, temporary workers. He also alleged that he was the victim of disability discrimination based upon his diagnosis of "bilateral tendonitis, 33%." (Dkt. #5).

The NYSDHR investigation that arose from Drexel's charge of age and disability discrimination would, as a practical matter, be expected to include an investigation of Drexel's alleged disability, the work-related restrictions that resulted, and the defendant's treatment of Drexel and other older or disabled workers, in comparison with younger and/or non-disabled workers. Indeed, the NYSDHR's investigation did cover all of these subjects, and the NYSDHR made factual findings with respect to them.

The instant complaint expounds upon the allegations of the administrative charge to reflect and incorporate the more specific factual findings made by the NYSDHR in issuing its "probable

cause" determination. Drexel now alleges, inter alia, that defendant discriminated against him by treating him differently from younger, non-disabled coworkers after he was diagnosed with bilateral tendonitis and became subject to certain medical restrictions, including the denial of a promotion. While these allegations are slightly more specific than those made in Drexel's administrative charge, they are of precisely the same nature, and arise out of the same, distinct factual basis. As such, Drexel's present allegations were clearly within the scope of the administrative investigation that would have been expected to follow – and which, in fact, did follow – from his administrative charge.

In sum, I believe the federal claims asserted here are reasonably related to the administrative investigation that resulted from Drexel's NYSDHR charge. As such, there can be no serious claim that there is any surprise or prejudice to the defendant, and defendant's motion to dismiss plaintiff's complaint for failure to exhaust his administrative remedies must be denied.

CONCLUSION

Defendant's motion to dismiss (Dkt. #2) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 20, 2009.